# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:19-cv-320-MOC-WCM

| | |
|---|---|
| KIMBERLY BURNETTE, <br> WILLIAM BURNETTE, <br>       Plaintiffs, <br> vs. <br> RED ROOF INNS, INC., <br> JAY MOYER, <br>       Defendants. | **ORDER** |

**THIS MATTER** comes before the Court on a Motion to Remand to State Court, filed by Plaintiffs Kimberly Burnette and William Burnette, (Doc. No. 2), on a Motion for Dismiss for Failure to State a Claim, filed by Defendant Red Roof Inns, Inc., (Doc. No. 5), and on a Motion to Dismiss for Failure to State a Claim, filed by Defendant Jay Moyer, (Doc. No. 14).

## I. BACKGROUND AND PLAINTIFFS' ALLEGATIONS

On September 26, 2019, Plaintiffs, who are both North Carolina residents, filed this action in Buncombe County Superior Court naming as the sole Defendant Red Roof Inns, Inc., and Jay Moyer, alleged to be a Tennessee resident and the manager of Red Roof Inns in Asheville, North Carolina, at all relevant times. According to Defendants' subsequent notice of removal, Red Roof Inn is a Delaware corporation with its corporate headquarters in Ohio.

Plaintiffs allege in their Complaint that Mrs. Burnette was an employee of the Red Roof Inn located at 16 Crowell Road, in Asheville, North Carolina, for about 24 years. (Doc. No. 1-1 at 4-5). While Mrs. Burnette was employed at Red Roof Inn, a man named Dylan Smith made

1

threats against Mrs. Burnette, Mr. Burnette, and their family. As a result, Mrs. Burnette asked Red Roof Inn, and their general manager Defendant Jay Moyer, to take steps to prevent Smith from coming on or about Red Roof Inn's property, and she also asked for the police to be called immediately if Smith were to appear on the premises.

On April 16, 2019, Mr. Burnette was dropping Mrs. Burnette off at work at the Red Roof Inn. As they pulled into a parking space, the Burnettes saw that Smith was parked next to them. Mr. Burnette exited his car and approached Smith's car. Smith renewed his threats, including the threat to shoot up Mrs. Burnette's residence. Smith then pulled out a taser and tasered Mr. Burnette. Mrs. Burnette came to Mr. Burnette's side, and Smith then battered Mrs. Burnette around her face and chest. The Red Roof Inn did not attempt to call the police or protect the Burnettes from Smith. Mrs. Burnette was subsequently terminated from her employment with Red Roof Inn as a result of this incident. Furthermore, although the Complaint does not state as such, Mrs. Burnette was also apparently arrested on the date of the incident and faced criminal charges. See (Doc. No. 9-1 at 1).

Based on the above factual allegations, Plaintiffs purport to bring North Carolina claims for breach of contract (by Mrs. Burnette only), wrongful discharge (by Mrs. Burnette only), negligent infliction of emotional distress (by Mr. Burnette based on the assault, and by Mrs. Burnette based on the assault and based on terminating her employment), and failure to protect (by both Mr. and Mrs. Burnette).[1] (Doc. No. 1-1 at 5-7). In the Complaint, Plaintiffs state that they seek compensatory damages for "physical injury," "medical treatment," "emotional injury,"

---

[1] Defendants assert that the only claim as to Mr. Burnette is the failure to protect claim, but the Court interprets the Complaint differently, as it appears from the factual allegations that Mr. Burnette also is alleging a claim for negligent infliction of emotional distress as to him.

"pain and suffering" "in an amount in excess of $25,000" and "punitive damages in an amount in excess of $25,000." (Id. at 8).

Defendant Red Roof Inns, Inc. removed Plaintiff's action to this Court on November 7, 2019. Defendant Moyer has consented to the removal. In the Notice of Removal, Defendant assert that the sole basis for this Court's subject matter jurisdiction is diversity, pursuant to 28 U.S.C. § 1332(a). On November 12, 2019, Plaintiffs filed the pending motion to remand, arguing that Defendants cannot establish that the statutory minimum amount of more than $75000 has been met for removal to this Court.[2] On November 13, 2019, Defendant Red Roof Inns, Inc. filed its pending motion to dismiss for failure to state a claim, and on December 12, 2019, Defendant Moyer filed his own motion to dismiss for failure to state a claim. On January 9, 2020, this Court held a hearing on Plaintiffs' motion to remand. This matter is ripe for disposition.

## II. DISCUSSION

### A. Plaintiffs' Motion to Remand to State Court

Federal courts exercise limited jurisdiction. For so-called "diversity jurisdiction," as set forth in 28 U.S.C. § 1332(a)(1), "the district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between ... citizens of different States." 28 U.S.C. § 1332(a)(1). Furthermore, a defendant may remove a case from state to federal court when diversity jurisdiction exists. 28 U.S.C. § 1441(a). Because removal infringes on state sovereignty, however, federal courts strictly construe the removal statute and resolve all doubts in favor of

---

[2] Plaintiffs do not contest Defendants' assertion that the parties are diverse.

remanding the case to state court.  See Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 109 (1941); see also Mulcahey v. Columbia Organic Chems. Co., 29 F.3d 148, 151 (4th Cir. 1994).

Further, if the plaintiff challenges removal, the defendant bears the burden of demonstrating, by a preponderance of the evidence, that removal jurisdiction is proper.  Scott v. Cricket Commc'ns, LLC, 865 F.3d 189, 194 (4th Cir. 2017).  "To satisfy this burden, a defendant must offer more than a bare allegation that the amount in controversy exceeds $75,000," Judy v. JK Harris & Co., No. 2:10-cv-01276, 2011 WL 4499316, at *3 (S.D. W. Va. Sept. 27, 2011) (citation omitted), and must supply evidence regarding the amount at issue, McCoy v. Erie Ins. Co., 147 F. Supp. 2d 481, 489 (S.D. W. Va. 2001); see also Tai v. Certainteed Corp., No. 3:12-CV-616-RJC-DSC, 2012 WL 6590467, at *2 (W.D.N.C. Nov. 27, 2012), report and recommendation adopted, No. 3:12-CV-616-RJC-DSC, 2012 WL 6590429 (W.D.N.C. Dec. 18, 2012) ("In cases where jurisdiction is predicated on diversity of citizenship and the complaint does not allege a specific amount of damages but instead seeks "in excess" of a certain dollar figure, the party asserting jurisdiction must prove by the preponderance of the evidence that the amount in controversy requirement has been met.").

"Generally, the amount specified in the complaint will determine whether the jurisdictional amount is satisfied for purposes of removal."  Bartnikowski v. NVR, Inc., 307 Fed. Appx. 730, 734 (4th Cir. 2009).  In North Carolina, however, "a plaintiff can plead for judgment in excess of a certain dollar amount, ... making it difficult to determine the exact amount in controversy" from the initial pleading.  Lee Elec. Constr., Inc. v. Eagle Elec., LLC, No. 1:03-cv-00065, 2003 WL 21369256, at *2 (M.D.N.C. June 10, 2003).  Such is the case here, where the Complaint merely states that each Plaintiff claims only more than $25,000 in compensatory damages and more than $25,000 in punitive damages.  Where the complaint is ambiguous as to

4

the amount in controversy, the court may consider evidence on the question, including "evidence ... submitted by the parties, the applicability of attorney's fees, and potential punitive or trebling of damages." Kirklen v. Buffalo Wild Wing Int'l, Inc., No. 3:18-cv-00468-FDW-DSC, 2019 WL 1649984, at *1 (W.D.N.C. Apr. 17, 2019). Finally, Defendants need not prove to a legal certainty that the amount in controversy requirement has been met. See Dart Cherokee Basin Operating Co. v. Owens, 574 U.S. 81, 88-89 (2014).

In support of their argument that the amount in controversy exceeds $75,000, Defendants point to a demand letter sent from Plaintiffs' counsel, dated July 18, 2019, in which counsel issued a settlement demand of $75,000 for Mrs. Burnette and $50,000 for Mr. Burnette. (Doc. No. 9-1 at 2). Specifically, the letter provides, in part:

> Together with the damage to her reputation, her false arrest and prosecution, Mrs. Burnette has suffered lost income, medical bills, and significant pain and suffering. Mr. Burnette has also needlessly suffered from this incident. Therefore, on behalf of the Burnettes, please accept this letter as our settlement demand in the amount of $75,000 for Ms. Burnette, and $50,000 for Mr. Burnette.

(Id.). In light of this demand letter, Defendants contend in their response to the motion to remand that Plaintiffs have a common, undivided interest, and therefore their claims may be aggregated to meet the jurisdictional amount. Defendants further contend that, even without aggregation, Plaintiffs' actual damages may be combined with the punitive damages claim to satisfy the amount in controversy as to each Plaintiff. The Court finds that, even without aggregation, Defendants have met their burden of showing that the amount in controversy has been met for removal. The Court will, therefore, deny Plaintiffs' motion to remand to state court. Significantly, the Court notes that, at the hearing on the motion to remand, and despite that the Court gave Plaintiffs the opportunity to stipulate that the amount in controversy is not more than $75,000, Plaintiffs declined to stipulate to this fact. Had Plaintiffs stipulated as such,

5

this matter would have been remanded to state court. In any event, because Defendants have met their burden in showing that the amount in controversy has been met, the Court will allow this matter to remain in this Court.

**B.      Defendants' Motions to Dismiss for Failure to State a Claim**

Next, as to Defendants' motions to dismiss for failure to state a claim, given the lenient pleading standards of <u>Iqbal</u> and <u>Twombly</u>, the Court will deny the motions to dismiss at this time and hold the matter under consideration pending further development of the record and summary judgment motions.

**III.     CONCLUSION**

For the reasons stated herein, the Court denies Plaintiffs' motion to remand to state court, and the Court also denies Defendants' motions to dismiss for failure to state a claim.

**IT IS THEREFORE ORDERED** that:

(1) Plaintiffs' Motion to Remand to State Court, (Doc. No. 2), is **DENIED**;

(2) Defendant Red Roof Inn's Motion to Dismiss for Failure to State a Claim, (Doc. No. 5), is **DENIED**; and

(3) Defendant Jay Moyer's Motion to Dismiss for Failure to State a Claim, (Doc. No. 14), is **DENIED**.

Signed: February 11, 2020



Max O. Cogburn Jr.
United States District Judge